1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

Nelson Rivera Torres, et al.,
    Plaintiffs,

       v.

Cesar Rey-Hernandez, et al.,
    Defendants.

**Civil No. 03-1689 (GAG)**

**OPINION AND ORDER**

This action was commenced by plaintiffs[1] against the Department of Education alleging political discrimination under the First, Fifth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and supplemental state laws. Presently before the court is defendants' unopposed motion for summary judgment. Although, the motion is unopposed, this does not automatically give rise to a grant of summary judgment. Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006). It is well-settled that "before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." Id. (quoting López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir. 1991)). After reviewing the pleadings, the court **GRANTS** defendants' motion for summary judgment (Docket No. 113) as a matter of law.

**I.      Summary Judgment Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In order to defeat summary judgment, the nonmoving party must "set forth specific facts showing that there is a

---

[1] Plaintiffs are individuals who sought employment with the Adult Education Program ("AEP"), were AEP employees or had contracts with AEP.

Civil No. 03-1689 (GAG)                    2

1   genuine issue for trial." <u>See</u> Fed. R. Civ. P. 56(e).  The court must view the record and all

2   reasonable inferences in the light most favorable to the party opposing summary judgment. <u>See</u> <u>id.</u>

3   If the court finds that some genuine factual issues remain, whose resolution could affect the outcome

4   of the case, the court must deny the motion. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 284

5   (1986).  "The movant's burden is particularly rigorous when the disputed issue involves questions

6   of motive or intent, since in these cases jury judgments about credibility are typically thought to be

7   of special importance." <u>Lipsett v. Univ. of P.R.</u>, 864 F.2d 881, 895 (1st Cir. 1988).  The court also

8   notes that defendants fully complied with Local Rule 56.  <u>See</u> Docket No. 114.

9   **II.      Political Discrimination Claims**

10          As a general rule, public employees are protected from adverse job decisions based solely

11   on their political affiliation and beliefs.  <u>See</u> <u>Branti v. Finkel</u>, 445 U.S. 507, 516-17 (1980).  It is

12   well-settled that when instituting a claim of political discrimination, the plaintiff bears the initial

13   burden of producing sufficient evidence, in his *prima facie* case, that his political affiliation was the

14   substantial or motivating factor behind the challenged adverse employment action. <u>See</u> <u>Mt. Healthy</u>

15   <u>City Bd of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977); <u>Gonzalez de Blasini v. Family Department</u>,

16   377 F.3d 81, 85 (1st Cir. 2004).  Notwithstanding, the standard for setting out a *prima facie* case of

17   political discrimination in the First Circuit has become increasingly stringent.  <u>See</u> <u>Gonzalez-Pina</u>

18   <u>v. Rodriguez</u>, 407 F.3d 425, 432 (1st Cir. 2005) (holding that mayor's awareness of plaintiff's

19   support for a rival mayoral candidate in the primary was, by itself, insufficient to establish political

20   animus); <u>Gonzalez De Blasini</u>, 377 F.3d at 85-86 (affirming the dismissal of a complaint where

21   plaintiff was a well-known supporter of the NPP, had held a trust/confidential/policymaking position

22   under the previous NPP administration, and defendant employer had expressed interest in giving

23   plaintiff's position to a PDP member); <u>Cosme-Rosado v. Serrano-Rodriguez</u>, 360 F.3d 42, 48 (1st

24   Cir. 2004) (holding that statement of PDP mayor of intent to rid town of NPP activists was

25   insufficient to generate genuine issues of material fact); and, <u>Acevedo-Diaz v. Aponte</u>, 1 F.3d 62,

26   69 (1st Cir. 1993) (holding that plaintiffs were not conspicuous targets for discriminatory

27   employment action merely because they played prominent roles in publicly and vocally supporting

28   a former mayor).

In the present case, there are three sets of plaintiffs whom defendants seek summary judgment against: 1) plaintiffs' whose contracts with AEP were not renewed for academic year 2001 – 2002 or who applied for contracts and did not receive them, 2) two career employees, Maria Ruiz Aponte and Mario Raul Toreres, who allege their functions were taken away, and 3) six plaintiffs who failed to appear at their scheduled depositions.

### A.    Political Discrimination Claims of Contract Employees

A review of the record clearly demonstrates that defendants have met their burden of demonstrating undisputed facts entitling them to summary judgment as a matter of law.  As supported by the record, many plaintiffs testified that they are not particularly politically active, that they kept their political affiliation private, or did not make their affiliation well-known.  See Docket No. 114, ¶¶ 6.6, 17.6, 25.29.  Lack of knowledge of plaintiffs' political affiliation must lead to entry of summary judgment.  See Gonzalez de Blasini v. Dept. de la Familia, 377 F.3d at 85-86.

Additionally, many plaintiffs testified that they did not know the defendants or that defendants did not know them.  See Docket No. 114, ¶¶ 5.9, 7.10, 34.8, 35.10.  These plaintiffs rely on the contention that defendants must have known of their political affiliations.  However, conclusory allegations and unsupported speculations are insufficient to preclude entry of summary judgment.  See Medina Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).  There is nothing on the record to support the same.

Thus, the claims of plaintiffs' alleging political discrimination because their contracts were not renewed must be dismissed.

### B.    Career Employees

There are two employees who contend that they had their functions removed as a result of their political affiliation – Maria Ruiz Aponte and Mario Raul Torres.  Ruiz was the General Supervisor for the AEP from October 2000 until she retired in July 2001.  See Docket No. 114, ¶¶ 25.2, 25.3.  Ruiz claims that she was transferred to school principal position and slowly relinquished of her duties within the AEP.  Id. at ¶¶ 25.5 – 25.15.  However, Ruiz testified that she was not politically active nor did not know whether defendants knew her political affiliation.  Id. at ¶¶ 25.29 – 25.33.  Based on the foregoing, is it clear that Ruiz cannot sustain her burden and that summary

**Civil No. 03-1689 (GAG)**                     4

judgment is appropriate for defendants.

Torres was an AEP supervisor for the Humacao and Fajardo regions.  He currently retains the same position.  Id. at ¶¶ 31.1 – 31.5.  Torres claims he was discriminated against because he was not allowed to visit the districts he used to supervise.  Id. at ¶¶ 31.4, 31.6, 31.10.  Torres testified in his deposition that he never discussed politics with his co-workers and was only claiming political discrimination because he could not think of any other reason.  Id. at ¶¶ 31.7 – 31.8, 31.11.  Based on the foregoing, is it clear that Torres cannot sustain his burden and that summary judgment is appropriate for defendants.

### C.    Non-appearing plaintiffs

Finally, there are six plaintiffs who failed to appear for their duly scheduled depositions – Milagro del Carmen Gonzalez, Sara Pinero Marques, Carmen Maria Aponte Lopez, Nelson Lamboy Cruz, and Carmen Lopez Negron, and Evelyn Irizarry Camacho.  Id. at ¶ 37; Docket No. 113, p. 25 n. 4.  Defendants request that the court enter an involuntary dismissal on behalf of these plaintiffs for failure to comply with the Federal Rules of Civil Procedure.  See Fed.R.Civ.P 41(b).  These plaintiffs have not proffered a reasonable excuse for this.  Thus, the court grants defendants' request.

**III.    Conclusion**

Therefore, the court **GRANTS** defendants' motion for summary judgment.  Furthermore, an order for involuntary dismissal is hereby entered for the following six (6) plainitff: Milagro del Carmen Gonzalez, Sara Pinero Marques, Carmen Maria Aponte Lopez, Nelson Lamboy Cruz, and Carmen Lopez Negron, and Evelyn Irizarry Camacho.  Judgment shall be entered accordingly.

**SO ORDERED**.

In San Juan, Puerto Rico this 23rd day of August 2006.

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States District Judge