**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

Nelson Rivera-Torres, et al.,
    Plaintiffs,

    v.

Cesar Rey-Hernandez, et al.
    Defendants.

**Civil No. 03-1689 (GAG)**

**OPINION AND ORDER**

This matter is before the court on plaintiffs' motion to alter the judgment and request for stay or extension (Docket No. 147). Specifically, plaintiffs move the court to alter its decision to deem defendants' motion for summary judgment unopposed (Docket No. 143) and its order granting summary judgment on defendants' behalf and dismissing the case in its entirety (Docket Nos. 145). Plaintiffs' attorney also requests a stay in the case or an extension of time until he retires, semi-retires or reorganizes his office. A review of the procedural posture in this case is in order.

On July 29, 2005, the court (Cerezo, J.) issued an order regarding dispositive motions in this case. See Docket No. 101. Specifically, the court stated that the present case was based on an identical state of facts and legal theories as Hatfield v. Rey-Hernandez, Civil No. 01-2335 (HL/GAG), and given that the federal claims in the Hatfield case had been dismissed, consideration of dispositive motions in the present case was reasonably warranted. As a result, on October 23, 2005, defendants filed their motion for summary judgment. See Docket No. 113. On October 25, 2005, plaintiff's attorney filed for an extension citing the difficulty of getting through the voluminous summary judgment motion in a short amount of time. See Docket No. 119. The same was granted until January 20, 2006. See Docket No. 120. On January 18, 2006, plaintiff again moved the court for an extension citing his heavy case load and the need for more discovery in this case. See Docket No. 124.[1] On March 7, 2006, plaintiff requested a stay in the case citing the need

---

[1] That motion was not ruled upon until May 31, 2006, at which point it was found moot. See Docket No. 141.

**Civil No. 03-1689 (GAG)**                                            2

to depose several regional directors of the Department of Education. See Docket No. 127. That motion was eventually denied by the undersigned. See Docket No. 143. On March 31, 2006, defendants requested that their motion for summary judgment be deemed unopposed. The same was granted and now sought to be altered. On June 13, 2006, plaintiff's attorney, Attorney Gonzalez-Colon, suffered from a Transient Ischemic Attack which greatly reduced his working capacity. See Docket No. 147.

While the court is sympathetic to Attorney Gonzalez-Colon's illness and the difficulty it has brought to his practice, the court cannot ignore that many of the extensions requested in this case happened several months before his attack. More than eight (8) months transpired from the filing of the summary judgment motion to Attorney Gonzalez-Colon's attack. However, most notably, more than five (5) months lapsed from the filing of summary judgment to when plaintiffs' attorney began citing the need for more discovery. In doing so, plaintiff's attorney cited a heavy case load and the extent of the motion, not his ailing health. The First Circuit has held that the fact that an attorney has other "fish to fry" is not an acceptable reason for disregarding deadlines and court orders. See Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 5 (1st Cir. 2002). A heavy workload is no excuse for failure to comply. Id. Therefore, plaintiffs' motion to alter judgment and request for stay or extension is **DENIED**.

**SO ORDERED**.

In San Juan, Puerto Rico this 5th day of September 2006.

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States District Judge